IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,767-01






EX PARTE ROBERT GLEN DAVIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 903461 IN THE 184
TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to life imprisonment. The First Court of Appeals affirmed his conviction. Davis
v. State, No. 01-03-00170-CR (Tex. App.-Houston [1st Dist.], delivered June 24, 2004, pet. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance because, among other
things, he failed to investigate and call the following witnesses to testify: James Chad Boyd, Bill M.
Johnson, Willie Davis, Raphael Pruneda, and Anthony Brock. 

 The trial court made no specific findings of fact, but instead concluded that the "totality of
the representation afforded Applicant was sufficient to protect his right to reasonably effective
assistance of counsel." We believe that Applicant has alleged facts that, if true, might entitle him to
relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex.
Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. Accordingly, the trial court shall make specific findings of fact. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to whether counsel's failure to investigate
and call James Chad Boyd, Bill M. Johnson, Willie Davis, Raphael Pruneda, and Anthony Brock as
witnesses constituted deficient performance, and if so, whether Applicant was prejudiced. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 12, 2007

Do not publish